UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE LAMAR WITHERSPOON,

       Petitioner,

v.

Case No. 1:07-cv-981
Hon. Robert J. Jonker

CAROL HOWES,

       Respondent.
_____/

## ORDER

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent has filed her answer in opposition to the petition. *See* docket no. 12. This matter is now before the court on petitioner's motions to hold the habeas petition in abeyance (docket nos. 8, 37).

The petition in this action seeks habeas relief on the following grounds:

I. Did the trial court err reversibly by deciding that there was sufficient evidence to convict [petitioner] of felony-murder, for aiding and abetting a murder committed in the perpetration of a robbery, home invasion or larceny?

II. Did the trial court err reversibly by denying [petitioner's] request that the jury be instructed on voluntary manslaughter?

III. Did trial counsel's performance fall short of state and federal constitutional standards by failing to assist in [petitioner's] alibi defense when he:

    A. Failed to use information provided by a private investigator that may have been beneficial to the defense?

    B. Failed to pursue evidence that would have emphasized flaws in the State's case regarding discrepancies in the witnesses' identification of [petitioner]?

> C. Failed to request an expert witness on the reliability of witness identification where [petitioner] was identified by the "gap" in his teeth?

In his motions, petitioner seeks to have this court hold his petition in abeyance so that he can file a motion for relief from judgment pursuant to M.C.R. § 6.500 and challenge his conviction in the state court on four new grounds:

> IV. Ineffective assistance of trial counsel.
>
> V. Ineffective assistance of appellate counsel.
>
> VI. Denial of counsel during the photographic lineup.
>
> VII. Denial of a fair trial by the introduction of inadmissible witness identification.

A district court has the discretion to stay a habeas corpus proceeding "in limited circumstances." *Rhines v. Weber*, 544 U.S. 268, 277 (2005). The Supreme Court indicated that a "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Id.* Under the stay and abeyance procedure, "courts now have discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state court, and then return to federal court." *Poindexter v. Mitchell*, 454 F.3d 564, 570 n. 2 (6th Cir. 2006). However, the Supreme Court cautioned that federal courts should not utilize the "stay and abeyance" procedure frequently since doing so undermines the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which is to encourage finality and streamline federal habeas proceedings. *Rhines*, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.*

In this case, however, petitioner cannot utilize the stay and abeyance procedure because he did not file a "mixed" habeas petition. Rather, he exhausted all of the claims set forth in petition. Petitioner seeks a stay and abeyance not to remedy unexhausted claims set forth in the habeas petition, but to challenge his conviction on four new grounds by filing separate state court proceedings.[1] Petitioner is not entitled to utilize the stay and abeyance procedure to supplement a pending habeas petition with new claims. Absent a mixed petition, "the court cannot stay the exhausted claims pending the resolution of the unexhausted claim." *Stedman v. Hurley*, No. 1:05-cv-2051,2006 WL 2864319 at *8 (N.D. Ohio Oct. 4, 2006). As the court explained in *Colbert v. Tambi*, 513 F.Supp.2d 927 (S.D. Ohio 2007):

> Because the instant petition is not a "mixed" petition containing both exhausted and unexhausted claims, *see Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the "stay-and-abeyance" procedure adopted to protect "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," *Duncan v. Walker*, 533 U.S. 167, 184, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J., concurring), is inapplicable.

*Colbert*, 513 F.Supp.2d at 937 n. 8. Accordingly, petitioner's motions to hold the habeas petition in abeyance (docket nos. 8 and 37) are **DENIED**.

    **IT IS SO ORDERED.**

Dated: August 13, 2008            /s/ Hugh W. Brenneman, Jr.
                                              HUGH W. BRENNEMAN, JR.
                                              United States Magistrate Judge

---

[1] Even if petitioner had commenced the state court proceedings on the new claims, the petition would not be considered to be a "mixed" petition. *See Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007) ("[t]he fact that [petitioner] had an independent proceeding pending in the state court did not render his federal petition a mixed petition").