UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE LAMARR WITHERSPOON,

        Petitioner,

Case No. 1:07-cv-981
Hon. Robert J. Jonker

vs.

CAROL HOWES,

        Respondent.

_____/

**ORDER**

On August 13, 2008, the court denied petitioner's motions to hold his habeas petition in abeyance (docket no. 42). This matter is now before the court on petitioner's motion for reconsideration of the August 13th order (docket no. 43).

In reviewing requests for reconsideration, the court is guided by the local rule regarding motions for reconsideration, which provides:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from the correction thereof.

W.D. Mich. LCivR 7.4(a). A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999).

The court denied petitioner's motions to hold his habeas petition in abeyance because the petition was not a "mixed petition" containing both exhausted and unexhausted claims. As the court observed in the August 13th order, "[a]bsent a mixed petition, 'the court cannot stay the

exhausted claims pending the resolution of the unexhausted claim.' *Stedman v. Hurley*, No. 1:05-cv-2051, 2006 WL 2864319 at *8 (N.D. Ohio Oct. 4, 2006)." *See also*, *Colbert v. Tambi*, 513 F.Supp.2d 927, 937 n. 8 (S.D. Ohio 2007). In the motion for reconsideration, petitioner contends that he is entitled to the stay and abeyance procedure because his post-conviction counsel was ineffective. Even if petitioner's counsel was ineffective, the stay and abeyance procedure is inapplicable to his petition for the reasons expressed in the August 13th order. Petitioner has failed to demonstrate a palpable defect in that order. Accordingly, petitioner's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 5, 2008  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge