UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE LAMAR WITHERSPOON,

    Petitioner,

v.

    Case No. 1:07-cv-981
    Hon. Robert J. Jonker

CAROL HOWES,

    Respondent.
    _____/

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

This case arises from the death of Leonard Evans after an attempted robbery of his home. After a jury trial, petitioner was convicted of first-degree murder of Leonard Evans in violation of MCL 750.316(1)(b), assault with intent to rob while armed, MCL 750.89, felon in possession of a firearm, MCL 750.224f, carrying a dangerous weapon with unlawful intent, MCL 750.226, and possession of a firearm during the commission of a felony ("felony firearm"), MCL 750.227b. *See People v. Johnnie Lamar Witherspoon*, No. 264711 (Mich. App. March 1, 2007), slip op. at 1. Petitioner was sentenced to concurrent prison terms of life without parole for the first-degree murder conviction, twenty to forty years on the assault conviction, and two to five years on both the felon in possession and carrying a dangerous weapon convictions, all to be served consecutive to a two-year term for the felony-firearm conviction. *Id.*

Petitioner, through counsel, presented two issues on appeal:

> I. Did the trial court err reversibly by deciding that there was sufficient evidence to convict defendant of felony-murder, for aiding and abetting a murder committed in the perpetration of a robbery, home invasion or larceny?
>
> II. Did the trial court err reversibly by denying defendant's request that the jury be instructed on voluntary manslaughter?
>
> Petitioner also raised an additional issue in a Standard 4 brief[1]:
>
> III. Did trial counsel's performance fall short of state and federal constitutional standards by failing to adequately assist in defendant's alibi defense?

Brief on Appeal (docket no. 35).

The Michigan Court of Appeals affirmed the conviction. *People v. Johnnie Lamar Witherspoon*, No. 264711. Petitioner raised the same three issues in his application for leave to appeal to the Michigan Supreme Court, which was denied. *People v. Johnnie Lamar Witherspoon*, No. 133615 (Mich. July 30, 2007). Petitioner has raised the same three issues in his amended habeas petition, which is now before the Court. *See* docket no. 1.

**II. Petitioner's habeas claims**

**A. Standard of review under 28 U.S.C. § 2254**

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state

---

[1] Petitioner raised one issue in a pro se supplemental brief, filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4.

courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted all of the issues raised in his petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness accorded to state court findings of fact on

federal habeas review also applies to the factual findings of a state appellate court. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### B. Sufficiency of the Evidence

#### 1. Legal standard

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that the Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Sufficient evidence supports a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In evaluating a sufficiency of the evidence claim, the court views both direct evidence and circumstantial evidence in the light most favorable to the prosecution, drawing all available inferences and resolving all issues of credibility in favor of the factfinder's verdict. *United States v. Rayburn*, 495 F.3d 328, 337-38 (6th Cir. 2007). The reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

#### 2. Felony-Murder

Petitioner contends that insufficient evidence exists to support his conviction of felony-murder based on an aiding and abetting theory. Petitioner claims that the state "failed to

4

show that [petitioner] provided aid or assistance that had the effect of inducing or encouraging the killing." Petitioner's brief at 11. The Michigan Court of Appeals addressed this claim as follows:

> It was also undisputed at trial that defendant's partner in the robbery attempt, and not defendant, shot Evans. Therefore, defendant's first-degree murder conviction is necessarily predicated on an aiding and abetting theory. The three elements necessary for a conviction under an aiding and abetting theory are:
>
>> (1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement. [ *People v. Robinson*, 475 Mich. 1, 6 (citations omitted).]
>
> As discussed above, the prosecution presented sufficient evidence to allow the jury to conclude that Evans was killed during an attempted robbery. Defendant does not assert otherwise. Rather, he argues on appeal that the prosecutor failed to show that he possessed the requisite malice to permit the jury to convict him of felony-murder predicated on his having aided and abetted that robbery attempt. However, our Supreme Court has recently held that "under Michigan law, a defendant who intends to aid, abet, counsel, or procure the commission of a crime, is liable for that crime as well as the natural and probable consequences of that crime." *Robinson*, supra at 3 (emphasis in original). Therefore, if Evans's death was one of the natural and probable consequences of the robbery attempt, then we must conclude that there was sufficient evidence to support defendant's felony murder conviction. "Under the natural and probable consequences theory, 'there can be no criminal responsibility for any thing not fairly within the common enterprise, and which might be expected to happen if the occasion should arise for any one to do it.'" *Robinson*, supra at 9 (quoting *People v Knapp*, 26 Mich. 112, 114 (1872)). Our Supreme Court has held that "a natural and probable consequence of a plan to assault someone is that one of the actors may well escalate the assault into murder." *Id.* at 11.
>
> Witnesses testified that defendant and his partner entered Evans's home while armed, announcing "it's a stickup." Defendant held a gun to Evans's girlfriend's head, while his partner "tussled" with Evans. During the struggle, Evans specifically told defendant's partner that "you're going to have to kill me, you're going to have to kill me, you're not taking nothing from me." Defendant came to the assistance of his partner as he was attempting to subdue Evans. Evans was shot while he struggled with defendant's partner. Under these circumstances, Evans's death was a natural and probable consequence of the events surrounding the robbery attempt. Therefore, there was sufficient evidence of defendant's intent or knowledge to support his murder conviction.

*People v. Johnnie Lamar Witherspoon*, No. 264711, slip op. at 1-2.

Petitioner cites *People v. Aaron*, 409 Mich. 672 (1980), to support his proposition that his intent to commit a robbery and home invasion "does not automatically prove the state of mind necessary to prove felony murder." Petitioner's brief at 11. This is an incorrect statement of the state law applicable to the facts of this case. As the Michigan Court of Appeals discussed, *supra*, *Robinson* is the controlling authority under state law. In fact, *Robinson* clarifies *Aaron* by stating that, "*Aaron* makes clear that one who aids and abets a felony murder must have the requisite malice to be convicted of felony murder, but need not have the same malice as the principal." *People v. Robinson*, 475 Mich. 1, 14, (Mich. 2006). Rather, a defendant is liable for the crime the defendant intends to aid or abet as well as the natural and probable consequences of that crime. *Id.* at 14-15.

Viewing the evidence in the light most favorable to the prosecution, this Court concludes that the government presented sufficient evidence to convict petitioner. The Michigan Court of Appeals opinion demonstrates an adequate factual basis to support the felony murder conviction. In this case, the Saginaw County Circuit Court found that the defendant intended to assault the victim during an attempt to rob him when he forcibly entered the victim's home, brandishing a gun. The Michigan Court of Appeals affirmed the Saginaw County Circuit Court's finding that petitioner's intent to assault the victim was sufficient to convict him of first-degree felony murder since death is one of the natural and probable consequences of assault. This a reasonable and sufficient application of state law. Furthermore, the undersigned rejects petitioner's invitation to have this Court adopt a state law standard other than that set forth in *Robinson*. A sufficiency of the evidence claim does not "transform federal habeas courts into super-appellate state courts." *Ponnapula v. Spitzer,* 297 F.3d 172, 182 (2nd Cir. 2002). State courts are the ultimate expositors of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Therefore, this Court is

generally bound by Michigan state court constructions of state law except in rare circumstances. As such, this Court must presume that the trier of fact resolved these conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Jackson*, 443 U.S. at 326.

The Michigan Court of Appeals decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

### C. Jury Instruction

Next, petitioner contends that the trial judge failed to give a voluntary manslaughter instruction to the jury. In deciding whether the trial court erred in refusing to give a voluntary manslaughter instruction, the Michigan Court of Appeals noted:

> We review a trial court's determination of whether an instruction was applicable to the facts of the case for an abuse of discretion. *People v. Gillis*, 474 Mich. 105, 113; 712 N.W.2d 419 (2006). Because manslaughter is a necessarily included lesser offense of murder, an instruction for voluntary manslaughter must be given if it is supported by a rational view of the evidence. *People v. Mendoza*, 468 Mich. 527, 541; 664 N.W.2d 685 (2003). Both first-degree murder and voluntary manslaughter "require a death, caused by defendant, with either an intent to kill, an intent to commit great bodily harm, or an intent to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result." *Id.* at 540. The element that distinguishes murder from voluntary manslaughter is malice, which is negated by the presence of adequate provocation and the heat of passion. *Id.* In general, voluntary manslaughter requires (1) that the defendant killed the victim in the heat of passion; (2) that the passion was caused by adequate provocation; and (3) that there was not a lapse of time during which a reasonable person could regain control of his passions. *Id.* at 535. Thus, the trial court was required to instruct the jury on the lesser-included offense of voluntary manslaughter if, and only if, a rationale view of the evidence presented at trial supported the conclusion that Evans was shot in the heat of passion, caused by adequate provocation and without sufficient lapse of time to negate that passion.
>
> Defendant argues that the eyewitness testimony adduced at trial supports a conclusion that Evans was shot while trying to prevent defendant's partner from leaving the scene and after defendant's partner was attacked by Evans's dog. Defendant contends that

> these facts are sufficient to negate the element of malice required for first-degree murder and constitute adequate provocation and heat of passion necessary to support a conviction on the lesser offense of voluntary manslaughter. However, a robbery victim's attempt at self-defense does not constitute sufficient provocation to reduce the assailant's murder of the victim to manslaughter. *People v. Maclin*, 101 Mich.App 593, 596; 300 N.W.2d 642 (1980). Therefore, a rational view of the evidence did not support an instruction on voluntary manslaughter, and the trial court did not err in refusing to instruct the jury thereon.

*People v. Johnnie Lamar Witherspoon*, No. 264711, slip op. at 3.

Under Michigan law, voluntary manslaughter is a necessarily included lesser offense of murder, because the two offenses share the same elements apart from malice, which is contained in murder alone. *People v. Mendoza*, 468 Mich. 527, 540 (Mich. 2003). Petitioner argues that he was entitled to a jury instruction on voluntary manslaughter because he lacked the malice element needed to support a murder conviction. As the Michigan Court of Appeals noted, a lesser-included offense instruction is not required when the evidence does not support it. *Campell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). Rather, an instruction on a lesser included offense is only required under the Due Process Clause when the evidence would warrant a finding of guilty on the lesser-included offense, and an acquittal on the greater offense. *United States v. Levy*, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).

The evidence in this case does not warrant a finding of guilty on voluntary manslaughter and acquittal on felony murder. The Michigan Court of Appeals found that the facts supported a conclusion that petitioner was not adequately provoked by his intended robbery victim nor was the victim killed in the heat of passion. Rather, petitioner brought a gun to the victim's home, where he and another assailant initiated the altercation that led to the victim's death. Petitioner forcibly entered the victim's home and held a gun to the head of the victim's girlfriend. *See* Trial Trans. II at pp. 152-155, 162-163, 196; Trial Trans. III at pp. 118, 141-142. The other

assailant wrestled with the victim, who stated "You're going to have to kill me, you're not taking nothing from me." *See* Trial Trans. II at pp. 157, 159-162; Trial Trans. III at p. 13. The assailant then called to petitioner for assistance, and petitioner attempted to aid in the struggle. *See* Trial Trans. II at p. 172; Trial Trans. III at pp. 123, 149-150. Petitioner made a deliberate decision when he brought a deadly weapon with him to Leonard Evans' home. The Michigan Court of Appeals found that Leonard Evans did not adequately provoke petitioner and the other assailant when he attempted to defend himself from the forcible, violent takeover of his home. The Saginaw County Circuit Court's determination that petitioner was not entitled to a lesser offense instruction on voluntary manslaughter was consistent with Michigan state law and not objectively unreasonable in light of the evidence. Furthermore, the reliability of a trial court's verdict is only undermined when there is substantial evidence to support the requested lesser included instruction. *People v. Cornell*, 466 Mich. 335, 365 (Mich. 2002). In this case, "clear" evidence does not exist to support petitioner's contention that he was adequately provoked by the victim. *Id.* Therefore, petitioner is not entitled to habeas relief on this state law claim.

### D. Ineffective Assistance of Counsel

Finally, petitioner claims that his trial counsel was ineffective for three reasons: 1) failing to use information supplied by a private investigator hired by petitioner; 2) failing to pursue evidence that would have emphasized flaws in the state's case regarding discrepancies in the witnesses' identification of petitioner; and 3) failing to request an expert witness to testify on the reliability of the witnesses' identification of petitioner.

To grant habeas corpus relief for ineffective assistance of counsel, petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He must first prove

that trial counsel's performance was deficient, and secondly that the deficient performance so prejudiced the defense as to render the trial unfair and the verdict unreliable. *Id.* In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Id.* at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original); cert. denied 508 U.S. 975 (1993). Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. 466 U.S. at 689-690.

The Michigan Court of Appeals limited its review of petitioner's ineffective assistance of counsel claims to the existing record, because petitioner failed to timely raise this issue in a motion for a new trial or an evidentiary hearing. The court rejected each of petitioner's ineffective assistance of counsel claims.

### 1. The Private Investigator

The Michigan Court of Appeals addressed the first claim as follows:

> Defendant first asserts that he was denied the effective assistance of trial counsel by his counsel's decision not to use information supplied by a private investigator. However, defendant does not explain what this information was or how it would have benefited his case. His assumption that it may have been favorable to his defense is speculative. We note that it is just as likely that the evidence turned up by the private investigator was harmful, particularly considering the eyewitness testimony implicating defendant in these crimes. Accordingly, there is no basis for finding that defendant was denied the effective assistance of counsel by his trial counsel's strategic decision not to present this evidence.

*People v. Johnnie Lamar Witherspoon*, No. 264711, slip op. at 3-4.

Applying the *Strickland* two-prong test, the state court was correct in determining that petitioner's trial counsel was not deficient. Counsel's decision not to utilize the information provided by petitioner's private investigator was likely a strategic one based on his professional judgment, to which this Court defers. *Strickland*, 466 U.S. at 690-91. Further, petitioner cannot satisfy the second prong of the *Strickland* test. Based on the existing record, petitioner cannot demonstrate that trial counsel's performance so prejudiced the defense as to deprive petitioner of a fair trial. Petitioner has not explained how the information from a private investigator would benefit his case nor how it would change the outcome of the trial. Pure speculation on whether the outcome of the trial would have been any different constitutes an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004).

### 2. Witnesses' Identification

The Michigan Court of Appeals addressed and rejected petitioner's second claim as follows:

> Defendant also asserts that his trial counsel was ineffective because he "failed to pursue evidence that would have emphasized flaws in the State's case regarding discrepancies in the witnesses' identifications of [defendant]." However, our examination of the record indicates that trial counsel vigorously pointed out the flaws in the prosecution's case and continually challenged the accuracy of the eyewitness identifications. Trial counsel repeatedly questioned the reliability of the witnesses' memories and perspectives, as well as the accuracy of defendant's depiction in the photographic lineups. Counsel also emphasized alleged discrepancies between the witnesses' descriptions of the perpetrator and defendant's actual appearance and pointed out that, upon his arrest, defendant appeared not to bear any marks resulting from a struggle. Therefore, there is no basis for defendant's assertion that his trial counsel was ineffective in this regard.

*People v. Johnnie Lamar Witherspoon*, No. 264711, slip op. at 4.

The state court's determination that petitioner's trial counsel was not deficient was not based on an unreasonable determination of the facts in light of the evidence presented; nor was

the decision based on an unreasonable application of clearly established Federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Rather, petitioner's counsel effectively challenged the witnesses' identification of petitioner through his cross-examinations of the witnesses and throughout the trial. *See* Trial Trans. II at pp. 192-219; Trial Trans. III at pp. 17-18; 66-76; 138-163; 170-172. In evaluating the first prong of the *Strickland* test, counsel was not deficient as he repeatedly emphasized flaws in the State's case involving the accuracy of its eyewitnesses' identifications of petitioner. Petitioner also cannot pass the second prong of the *Strickland* test either since he has failed to present any evidence that he would have prevailed at trial had his counsel pursued additional evidence.

### 3. Expert Witness

Finally, petitioner claimed that his trial counsel was ineffective for failing to request that the trial court appoint an expert witness to testify as to the reliability of eyewitness identification. The Michigan Court of Appeals addressed this claim and rejected it as follows:

> Trial counsel's determination whether to present an expert witness is "presumed to be a strategic one for which this Court will not substitute its judgment." *People v. Ackerman*, 257 Mich.App 434, 455; 669 NW2d 818 (2003). Further, trial counsel "is not ineffective for failing to advocate a futile or meritless position." *People v. Walker*, 265 Mich.App 530, 546; 697 NW2d 159 (2005), vacated in part on other grounds 477 Mich. 856 (2006).
>
> Generally, a trial court may appoint an expert witness for an indigent defendant where the defendant has demonstrated that there is a material witness in his favor within the jurisdiction of the court, and that without the expert's testimony the defendant cannot safely proceed to trial. MCL 775.15. In *People v. Jacobsen*, 448 Mich. 639, 641; 532 NW2d 838 (1995), our Supreme Court explained that, to obtain the appointment of an expert, an indigent defendant must demonstrate a "nexus between the facts of the case and the need for an expert" (quoting *People v. Jacobsen*, 205 Mich.App 302, 309; 517 NW2d 323 (1994) (Taylor, J., dissenting)). "It is not enough for the defendant to show a mere possibility of assistance from the requested expert. 'Without an indication that expert testimony would likely benefit the defense,' a trial court does not abuse its discretion in denying a defendant's motion for the

appointment of an expert witness." *People v. Tanner*, 469 Mich. 437, 443; 671 NW2d 728 (2003) (quoting *Jacobsen*, supra at 641).

> Defendant points out in his brief to this Court the potential failings of eyewitness identification but he fails to establish that he could not safely proceed to trial without expert testimony on that point. Defendant argues that "[a]lthough defense counsel cross-examined the victims, the testimony of an expert witness was the only way to put before the jury the empirical evidence proffered by [the expert]" (quoting *Brodes v. State*, 250 Ga App 323, 325; 551 S.E.2d 757 (2002)). However, as discussed above, defendant's trial counsel vigorously attacked the eyewitnesses' identification of defendant as one of Evans's assailants. Further, the jury was instructed on the credibility of witnesses and on factors to consider in relation to such identification. Therefore, defendant has failed to demonstrate the need for an expert in his case or to explain how an expert could introduce any relevant testimony on the identification issue in this specific case. Moreover, defendant does not argue that there was a relevant expert within the jurisdiction of the trial court. Thus, the trial court would not have erred in failing to grant a motion for the appointment of an expert witness in this regard, and trial counsel did not err in failing to make the fruitless motion.
>
> Further, given his counsel's vigorous challenge to the identification of defendant as one of Evans's assailants, defendant cannot establish that, had an expert testified as to the potential failings of eyewitness, the result of his trial would have been different. Thus, defendant has not shown that he was deprived of the effective assistance of counsel.

*People v. Johnnie Lamar Witherspoon*, No. 264711, slip op. at 4-5.

The state court was correct in determining that the decision not to introduce testimony from an expert witness did not render petitioner's trial counsel's performance deficient. Counsel's decision was a reasonable choice based on his professional judgment, to which this Court defers. *Strickland*, 466 U.S. at 690-91. Further, petitioner cannot satisfy the second prong of the *Strickland* test. Based on the existing record, petitioner cannot demonstrate that trial counsel's performance so prejudiced the defense as to deprive petitioner of a fair trial. In *Dorch v. Smith*, 105 Fed. Appx. 650, 653 (6th Cir. 2004), the court held that the failure of counsel to hire an expert in eyewitness identification did not prejudice the defendant in a criminal trial, because counsel cross-examined the eyewitness regarding inconsistencies in his identification of the petitioner and presented witnesses to testify about the petitioner's whereabouts during the incident. Likewise, in this case,

petitioner's counsel challenged the credibility of eyewitness testimony by cross-examining the witnesses to emphasize problems with their identification of petitioner. *See* Trial Trans. II at pp. 192-219; Trial Trans. III at pp. 17-18; 66-76; 138-163; 170-172. Petitioner has not presented any evidence of how expert testimony would have changed the outcome of the trial. Pure speculation on whether the outcome of the trial would have been any different is an insufficient showing of prejudice. *Baze*, 371 F.3d at 322. Thus, petitioner cannot meet the *Strickland* two-pronged test and is not entitled to habeas relief on this claim.

### 4. Summary

The state court's decision regarding petitioner's claims of ineffective assistance of counsel was not based on an unreasonable determination of the facts in light of the evidence presented; nor was the decision based on an unreasonable application of clearly established Federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). Thus, petitioner is not entitled to relief on these claims.

### IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: August 18, 2010  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).